IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-00018-RRB |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES FOREST SERVICE BETH PENDLETON, in her official capacity as Regional Forester, | ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) ) | |

Before the Court at Docket 105 is Plaintiff with a motion for summary judgment. Defendants oppose at Docket 116, and Plaintiff replies at Docket 119. Based upon the pleadings, papers, and proceedings in this action, the Court concludes that the matter is appropriate for declaratory relief under Federal Rules of Civil Procedure 56 and 57 and Rule 16.3 of the Local Civil Rules for the District of Alaska. The Court declares the rights and legal responsibilities of the Parties under Congress's grant of reciprocal rights-of-way and easements in Pub. L. No. 109-59 § 4407, 119 Stat. 1144, 1777, as amended by Pub. L. No. 114-94 § 1446(c), 129 Stat. 1312, 1438 ("Section 4407") and the Parties' 2006 memorandum of understanding to implement Section 4407 ("4407 MOU").

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED with respect to the three causes of action for declaratory relief. The Court addresses below each of Plaintiffs' four prayers for relief associated with those three causes of action.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED with respect to the single cause of action for injunctive relief, and to the single prayer for relief associated with that fourth cause of action.

### First Cause of Action – Interpretation of Fixed Section 4407 Corridor
### (Docket 1, ¶¶ 87-92)

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED with respect to the Complaint's first cause of action for declaratory relief (Docket 1, ¶¶ 87-92). Plaintiff's second prayer for relief (Docket 1, Prayer ¶ 2) associated with Plaintiff's first cause of action (Docket 1, ¶¶ 87-92) is GRANTED: The Court DECLARES that an easement issued pursuant to paragraph D(1) of the 4407 MOU ("D-1 easement") is a floating easement such that the activities authorized under the D-1 easement may occur in any 300-foot-wide area located anywhere within any square-mile section listed in the narrative property description of each D-1 easement. The Court expressly rejects the Defendants' interpretation of the D-1 easement that would restrict activities authorized under the D-1 easement to a fixed 300-foot-wide area within the listed square-mile sections.

IT IS FURTHER ORDERED that Plaintiff's third prayer for relief (Docket 1, Prayer ¶ 3) associated with Plaintiff's first cause of action (Docket 1, ¶¶ 87-92) is

*State v. United States Forest Service, et al.*  Case No. 1:16-cv-00018-RRB
Order  Page 2
Case 1:16-cv-00018-RRB   Document 130   Filed 06/11/19   Page 2 of 5

GRANTED: The Court DECLARES that the Parties' 2013 amendment of the D-1 easement for the Shelter Cove Road project, selecting alternate square-mile sections to better accommodate the siting and development of the project, was consistent with Section 4407 and the 4407 MOU. Section 4407 and the 4407 MOU do not restrict the issuance of a new or amended D-1 easement to better accommodate environmental permitting requirements or to alleviate Plaintiff's constructability concerns.

### Second Cause of Action – Interpretation of Discretionary Decision
### (Docket 1, ¶¶ 93-98)

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is GRANTED with respect to the Complaint's second cause of action for declaratory relief (Docket 1, ¶¶ 93-98). Accordingly, Plaintiff's first prayer for relief (Docket 1, Prayer ¶ 1) associated with Plaintiff's second cause of action is GRANTED: The Court DECLARES that Section 4407 established *in praesenti* property rights allowing Plaintiff's permanent access across National Forest System lands to construct, operate and maintain transportation and utility infrastructure to improve connections between the communities of southeast Alaska. Contrary to the Forest Service's interpretations, Section 4407 and the red and yellow lines on Section 4407's referenced map numbered 92337 ("Map 92337") do not establish fixed locations or routes for the State's transportation and utility easements ("4407 easements"). Rather, Section 4407 and its Map 92337 established easements to be located within wide transportation and utility corridors comprised of any existing road or highway and any proposed new transportation and utility corridor traversing National Forest System lands to provide continuous links between the communities of southeast

Alaska. The State of Alaska holds present property rights in the 4407 easements across National Forest System lands and, thus, the Forest Service has no discretion to withhold or deny a 4407 easement requested by the State of Alaska.

### Third Cause of Action – Interpretation of NEPA Requirement
### (Docket 1, ¶¶ 99-100)

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is GRANTED with respect to the Complaint's third cause of action (Docket 1, ¶¶ 99-100). Plaintiff's fourth prayer for relief (Docket 1, Prayer ¶ 4) associated with that cause of action is GRANTED: The Court DECLARES that the Defendants must timely prepare and deliver to Plaintiff an easement pursuant to paragraph D(2) of the 4407 MOU ("D-2 easement") for a proposed transportation or utility project that has all necessary construction permits and authorizations from other State and Federal agencies. Congress's grant "notwithstanding any other provision of law" exempts the Section 4407 easements from the Defendants' review and decision making under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq.*, the National Forest Management Act, 16 U.S.C. §§ 1600, *et seq.*, and any regulations or Forest Plan promulgated thereunder. The Court expressly rejects the Defendants' interpretation of the D-2 easement that would require a Forest Service NEPA review and decision prior to the State of Alaska's ground-disturbing activities within the boundaries of a D-2 easement area.

### Fourth Cause of Action – Refusal to Issue D-2 Easement
### (Docket 1, ¶¶ 101-104)

Further, the Court DENIES Plaintiff's fourth cause of action (Docket 1, ¶¶ 101-104) and its associated fifth prayer for relief (Docket 1, Prayer ¶ 5), requesting an

*State v. United States Forest Service, et al.*  Case No. 1:16-cv-00018-RRB
Order  Page 4
Case 1:16-cv-00018-RRB   Document 130   Filed 06/11/19   Page 4 of 5

injunction compelling the issuance of the D-2 easement for the Shelter Cove Road project, as the Defendants issued the requested easement on April 20, 2018 during the course of this litigation.

This resolves all pending disputes in this case and the matter therefore is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 11th day of June, 2019, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*State v. United States Forest Service, et al.*        Case No. 1:16-cv-00018-RRB
Order        Page 5
Case 1:16-cv-00018-RRB   Document 130   Filed 06/11/19   Page 5 of 5